**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| DANIEL FIGUEROA and GRANT SCHROEDER, on behalf of themselves and all other similarly situated employees, | : : : : : | Case No. |
| Plaintiffs, | : : | |
| v. | : : : | |
| THE HERTZ CORPORATION, | : : | |
| Defendant. | : : | |

Plaintiffs, Daniel Figueroa and Grant Schroeder ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Shavitz Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated employees who have worked as Location Managers, Functional Managers, Counter Managers and similarly titled individuals ("LMs") for Defendant The Hertz Corporation ("Hertz" or "Defendant") at any Hertz, Dollar, Thrifty, or Dollar/Thrifty branded car rental location in the United States at any time from the period beginning three years prior to the filing of this Complaint through the date of final judgment (the "Relevant Period"), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Hertz operates its worldwide vehicle rental business through multiple brands, including Hertz, Dollar, and Thrifty.

3. Hertz utilizes LMs as part of its workforce at its airport rental locations. Their primary duties are waiting on customers at the vehicle rental counter, driving vehicles from one location to another, washing vehicles, handling vehicle returns, and general customer service.

4. Throughout the Relevant Period, it was Hertz's policy to uniformly classify LMs as exempt from federal overtime provisions and not to pay LMs any overtime wages.

5. To serve its customers' needs and maximize profits, Hertz regularly required LMs to work in excess of 40 hours per week during the Relevant Period.

6. The primary duties of LMs do not fall under any of the exemptions to the FLSA.

7. By the conduct described in this Collective Action Complaint, Hertz has violated the FLSA by failing to pay LMs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

## THE PARTIES

*Plaintiff Daniel Figueroa*

8. Plaintiff Daniel Figueroa is an adult individual who is a resident of Lake Worth, Florida.

9. Plaintiff was employed by Hertz from approximately February 2018 to February 2019 as an LM at Defendant's Fort Lauderdale and West Palm Beach airport locations.

10. Plaintiff is a covered employee within the meaning of the FLSA.

11. A written consent form for Plaintiff is attached as Exhibit A.

*Plaintiff Grant Schroeder*

12. Plaintiff Grant Schroeder is an adult individual who is a resident of Goodyear, Arizona.

13. Plaintiff was employed by Hertz from approximately January 2017 to July 2018 as an LM at Defendant's Phoenix, Arizona and Salt Lake City, Utah airport locations.

14. Plaintiff is a covered employee within the meaning of the FLSA.

15. A written consent form for Plaintiff is attached as Exhibit B.

*Defendant The Hertz Corporation*

16. Hertz is a subsidiary Hertz Global Holdings, Inc. The Hertz Corporation is a publicly traded corporation organized and existing under the laws of Delaware with its corporate headquarters in Estero, Florida.

17. Throughout the Relevant Period, Hertz employed Plaintiffs and similarly situated employees within the meaning of the FLSA. Hertz had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

18. Hertz is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

19. At all times relevant, Hertz maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

20. Hertz applied the same employment policies, practices, and procedures to all LMs during the Relevant Period.

21. At all times relevant, Hertz's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

22. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24. The United States District Court for the Middle District of Florida has personal jurisdiction over Defendant as its corporate headquarters are located in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

25. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

26. Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Hertz as LMs at Defendant's airport locations during the Relevant Period (the "FLSA Collective").

27. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Hertz, and/or Hertz has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

28. As part of its regular business practice, during the Relevant Period Hertz intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Hertz.

29. Hertz is aware or should have been aware that federal and state law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

30. Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

31. Hertz's unlawful conduct has been widespread, repeated, and consistent.

32. Throughout their employment with Hertz, Plaintiffs and the members of the FLSA Collective consistently worked more than 40 hours per week.

33. Plaintiffs' and the FLSA Collective's primary duty was not management.

34. Plaintiffs' and the FLSA Collective's primary duties were non-exempt duties, including general customer service and vehicle preparation for rental. Plaintiffs and the FLSA Collective spent the vast majority of their time performing these non-exempt duties.

35. During the Relevant Period, Plaintiffs and the FLSA collective were paid a weekly salary for their services.

36. Plaintiffs and the FLSA Collective were closely supervised by their directors, general managers and area managers. Area managers were responsible for the overall performance of the sales team and for coaching and developing sales employees.

37. Plaintiffs and the FLSA Collective did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Hertz. Plaintiffs and the FLSA Collective did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

38. Plaintiffs and the FLSA Collective did not have authority (a) to create or implement management policies, practices, and procedures for Hertz; (b) to commit Hertz in

matters having significant financial impact; (c) to set employees' wages; (d) to determine how many labor hours could be allocated to their team; or (e) to hire, fire, or promote employees.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

39. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

40. Hertz engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

41. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

42. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Hertz.

44. Hertz is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46. Hertz failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

47. Hertz's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Hertz failed to make a good faith effort to comply with the

- 7 -

FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees during the Relevant Period.

48. Because Hertz's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. As a result of Hertz's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

50. As a result of the unlawful acts of Hertz, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, and an additional amount as liquidated damages in accordance with applicable state law;

D.      Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful;

E.      Pre-judgment interest and post-judgment interest as provided by law;

F.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

G.      Attorneys' fees and costs of the action;

H.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Boca Raton, Florida  
       May 17, 2019

Respectfully submitted,

*/s/ Gregg I. Shavitz*

**SHAVITZ LAW GROUP, P.A.**  
Gregg I. Shavitz  
Fla. Bar No. 11398  
gshavitz@shavitzlaw.com  
Alan L. Quiles  
Fla. Bar No. 62431  
aquiles@shavitzlaw.com  
Tamra C. Givens  
Fla. Bar No. 657638  
tgivens@shavitzlaw.com  
951 Yamato Road, Suite 285  
Boca Raton, FL 33431  
Telephone: (561) 447-8888  

Michael Palitz  
mapalitz@shavitzlaw.com  
**SHAVITZ LAW GROUP, P.A**  
830 3rd Avenue, 5th Floor  
New York, NY 10022  
Telephone: (800) 616-4000  
Facsimile: (561) 447-8831  

*Attorneys for Plaintiffs and the Putative Collective*

# EXHIBIT A

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), The Hertz Corporation and Dollar Thrifty Automotive Group (d/b/a Hertz Car Rental, Dollar Car Rental and Thrifty Car Rental), and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*[DocuSigned signature: 713C74DD6F2D4C8...]*

Signature

Daniel Figueroa

Print Name

# EXHIBIT B

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), The Hertz Corporation and Dollar Thrifty Automotive Group (d/b/a Hertz Car Rental, Dollar Car Rental and Thrifty Car Rental), and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Grant N. Schroeder*
A88B7EE9AEC7424...

Signature

Grant N. Schroeder

Print Name